**POOLE • SHAFFERY**
Jaion Chung (SBN 249772)
jchung@pooleshaffery.com
25350 Magic Mountain Parkway, Suite 250
Santa Clarita, California 91355
Telephone: (661) 290-2991
Facsimile: (661) 290-3338

Attorneys for Defendant,
UNIVERSAL CITY STUDIOS LLC (sued and served as Doe 1)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL CIRILO,<br><br>Plaintiff,<br><br>vs.<br><br>NBCUNIVERSAL THEME PARK; NBCUNIVERSAL, LLC; UNIVERSAL STUDIOS; COMCAST CORPORATION; and DOES 1 THROUGH 100, Inclusive,<br><br>Defendants. | Case No.: 2:22-cv-3249<br><br>[Assigned to _____]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)**<br><br>(Removed from Los Angeles County Superior Court Case No. 20STCV36095)<br><br>(Diversity Jurisdiction; 28 U.S.C. §§ 1332, 1441, and 1446)<br><br>[Declarations of Gabriela Kornzweig and Jaion Chung; Certificate of Interested Parties and Corporate Disclosure Statement; and Civil Cover Sheet filed concurrently herewith] |

**TO THE CLERK AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Defendant, UNIVERSAL CITY STUDIOS LLC (sued and served as Doe 1) ("DEFENDANT"), hereby removes the action entitled, *Angel Cirilo v. NBCUniversal Theme Park, et al.,* from the Superior Court of the State of California for the County of Los Angeles (Case No. 20STCV36095) to the United States District Court for the Central District of California, Western Division. Removal of this action is proper under 28 U.S.C. §§1332, 1441(b), and 1446 for the reasons set forth below.

1.     **JURISDICTION**. This action is a civil action over which this Court has

1 original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and is one that may be removed to this Court by DEFENDANT pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth below.

2. On September 22, 2020, Plaintiff, ANGEL CIRILO ("PLAINTIFF"), filed the above-entitled civil action against Defendants, NBCUNIVERSAL THEME PARK; NBCUNIVERSAL, LLC; UNIVERSAL STUDIOS; COMCAST CORPORATION; and DOES 1 through 100 in the Superior Court of the State of California for the County of Los Angeles, Case No. 20STCV36095. The United States District Court for the Central District of California, Western Division, embraces the county where this action is pending.

3. On January 10, 2022 (almost 16 months after initiating the present lawsuit), PLAINTIFF served the Complaint, Summons, and Statement of Damages on Defendant, Comcast Corporation. Copies of the documents served along with the proof of service are collectively attached hereto as **Exhibit "A."**

4. On January 10, 2022, PLAINTIFF served the Complaint, Summons, and Statement of Damages on Defendant, NBCUniversal, LLC. The Summons, Complaint, Statement of Damages and Orders are duplicative to the documents served on Defendant, Comcast Corporation. *See* Declaration of Jaion Chung, filed concurrently herewith ("Chung Decl.") ¶ 5. A copy of the proof of service is attached hereto as **Exhibit "B."**

5. On January 11, 2022, PLAINTIFF served the Complaint, Summons, and Statement of Damages on Defendant, "NBCUniversal Theme Park." The Summons, Complaint, Statement of Damages and Orders are duplicative to the documents served on Defendant, Comcast Corporation. *See* Chung Decl., ¶ 6 A copy of the proof of service is attached hereto as **Exhibit "C."**

6. On January 18, 2022, PLAINTIFF served the Complaint, Summons, and

POOLE·SHAFFERY
25350 Magic Mountain Parkway, Suite 250, Santa Clarita, CA 91355
Telephone: (661) 290-2991   Facsimile: (661) 290-3338

Statement of Damages on Defendant, "Universal Studios." The Summons, Complaint, Statement of Damages and Orders are duplicative to the documents served on Defendant, Comcast Corporation. *See* Chung Decl., ¶ 7. A copy of the proof of service is attached hereto as **Exhibit "D."**

7. On January 19, 2022, counsel for PLAINTIFF was advised that none of the defendants named in the Summons and Complaint are the proper entities and that the proper entity is "Universal City Studios LLC" for any claims arising out of the Universal Studios theme park in Southern California. *See* Chung Decl., ¶ 8.

8. On or about March 31, 2022, PLAINTIFF filed an Amendment to the Complaint substituting "UNIVERSAL CITY STUDIOS, LLC" in place of "Doe 1." A copy of the Amendment is attached hereto as **Exhibit "E."**

9. On or about April 12, 2022, PLAINTIFF submitted a Request for Dismissal to the Court dismissing Defendants, NBCUNIVERSAL THEME PARK; NBCUNIVERSAL, LLC; UNIVERSAL STUDIOS; and COMCAST CORPORATION. A copy of the Request for Dismissal is attached hereto as **Exhibit "F."**

10. On or about April 12, 2022, PLAINTIFF served DEFENDANT with the Summons, Complaint, Amendment, and Statement of Damages. A copy of the Notice and Acknowledgement of Receipt – Civil regarding service on DEFENDANT is attached hereto as **Exhibit "G."**

11. On May 11, 2022, DEFENDANT filed an answer to the complaint. A copy of the answer is attached hereto as **Exhibit "H."**

12. **REMOVAL IS TIMELY**. This Notice of Removal is filed timely as it is within thirty days of DEFENDANT'S receipt of the Summons, Complaint, and PLAINTIFF'S Statement of Damages disclosing to DEFENDANT the amount in controversy alleged by PLAINTIFF. DEFENDANT now possesses the requisite knowledge and documentation to ascertain the proper grounds for diversity jurisdiction removal. 28 U.S.C. §§ 1446(b)(3).

13. The one-year limit imposed by 28 U.S.C. § 1446(c)(1) is inapplicable as PLAINTIFF acted in bad faith by failing to serve any defendant for approximately 16 months after initiating the present action, long after passage of the one-year time deadline. *See NKD Diversified Enterprises, Inc. v. First Mercury Ins. Co.,* No. 1:14-CV-00183-AWI, 2014 WL 1671659, at *3 (E.D. Cal. Apr. 28, 2014) report and recommendation adopted, No. 1:14-CV-00183-AWI, 2014 WL 2619599 (E.D. Cal. June 6, 2014) ("the one year limitation [is] procedural and can be excused upon a showing of bad faith.")

14. **DIVERSITY OF CITIZENSHIP**. The state action is a civil action over which this Court has original diversity jurisdiction under 28 U.S.C. § 1332(a), for the following reasons:

15. <u>Plaintiff's Citizenship.</u> In the Ninth Circuit, the determination of an individual's citizenship involves a number of factors, including the individual's "current residence" and "place of employment." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *Martinez v. Michaels*, No. CV 15-02104 MMM, 2015 WL 4337059, at *4 (C.D. Cal. July 15, 2015) (citizenship requirement satisfied where plaintiff "currently live[d] in California and worked for [defendant] in California from 2006 until his termination"); *Christ v. Staples, Inc.*, No. CV 14-07784 MMM, 2015 WL 248075, at *3-4 (C.D. Cal. Jan. 20, 2015) (citizenship requirement satisfied where, inter alia, plaintiff "lived and worked in California for approximately fifteen years"); *Carmax Auto Superstores Cal. LLC v. Hernandez*, 94 F. Supp.3d 1078, 1091 n.38 (C.D. Cal. 2015) ("Allegations that a party has an extensive and continuous period of residence and employment in a state are sufficient to establish that the party is a citizen of the state.").

16. DEFENDANT is informed and believes, and thereon alleges, that PLAINTIFF has been, and remains currently, a resident of California. *See* Chung Decl. ¶ 13. Accordingly, for purposes of diversity jurisdiction, PLAINTIFF is a citizen of the State of California. Furthermore, PLAINTIFF filed the instant Complaint in the

Superior Court of the State of California in Los Angeles County, further availing himself of California's judicial resources and indicating his intent to remain in California. *See* Complaint, *in passim*.

17. <u>Defendant's Citizenship</u>. A limited liability company ("LLC") is a citizen of every state of which its members are citizens. *See, e.g.*, *Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006) ("We . . . join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). For diversity analysis, it is not relevant where an LLC is incorporated or where it has its principal place of business. *See, e.g., Alatorre v. Wastequip Mfg. Co., LLC*, 2012 WL 6628955, at *4 (E.D. Cal. December 19, 2012) ("LLC's citizenship is … determined not by reference to its principal place of business and state of incorporation … but by citizenship of its owners and members.").

18. For purposes of removal, diversity of citizenship is determined at the time the action is filed and at the time of removal. *See Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131-32 (9th Cir. 2002).

(a) DEFENDANT was at the time of filing of this action, and is now, a limited liability company organized under the laws of the State of Delaware. *See* Declaration of Gabriela Kornzweig, filed concurrently herewith ("Kornzweig Decl.") ¶ 5. DEFENDANT consists of two members: (1) VUE NewCo LLC and (2) Universal Studios Company LLC. Both entities are limited liability companies organized under the laws of the State of Delaware. Id. The sole member of VUE NewCo LLC is USI Entertainment LLC, a limited liability company organized under the laws of the State of Delaware. Id., ¶ 6. The sole member of USI Entertainment LLC is Universal Studios Company LLC, a limited liability company organized under the laws of the State of Delaware. Id., ¶ 7.

(b) Universal Studios Company LLC is directly held by NBCU Acquisition Sub LLC, and NBCU Acquisition Sub LLC is a direct subsidiary of NBCUniversal Media, LLC. Both Universal Studios Company LLC and NBCU

Acquisition Sub LLC are limited liability companies organized under the laws of the State of Delaware. Id., ¶ 8.

(c) The sole member of NBCUniversal Media, LLC is NBCUniversal, LLC, a limited liability company organized under the laws of the State of Delaware. Id., ¶ 9.

(d) The members of NBCUniversal, LLC are (i) Comcast Navy Acquisition, LLC, a limited liability company organized under the laws of the state of Delaware; (ii) Comcast Navy Contribution, LLC, a limited liability company organized under the laws of the state of Delaware; (iii) NBCUniversal Enterprise, Inc., which is incorporated in Delaware and has its principal place of business in Philadelphia, Pennsylvania; (iv) Comcast DW Holding, Inc., which is incorporated in Delaware and has its principal place of business in Philadelphia, Pennsylvania; (v) Comcast CCW Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; (vi) Comcast Snap Holdings II, LLC, a limited liability company organized under the laws of the state of Delaware; and (vii) SNL Entertainment Holdings, Inc., a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania. Kornzweig Decl., ¶ 10.

(c) Comcast Corporation is the operating entity for NBCUniversal Enterprise, Inc., and all its operational, executive, administrative, and policymaking functions, high level officers, and day-to-day operations are conducted at Comcast Corporation's corporate headquarters in Philadelphia, Pennsylvania. Kornzweig Decl., ¶ 11.

(d) Comcast Corporation is the operating entity for (i) SNL Entertainment Holdings, Inc. and (ii) Comcast DW Holding, Inc., and all of their operational, executive, administrative, and policy-making functions, high level officers, and day-to-day operations are conducted at Comcast Corporation's corporate headquarters in Philadelphia, Pennsylvania. Kornzweig Decl., ¶ 13.

(e) The members of Comcast CCW Holdings, LLC and Comcast

Snap Holdings II, LLC are (i) Comcast Navy Acquisition, LLC, and (ii) Comcast Snap Holdings, Inc., a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania. Comcast Corporation is the operating entity for Comcast Snap Holdings, Inc., and all of its operational, executive, administrative, and policy-making functions, high level officers, and day-to-day operations are conducted at its corporate headquarters in Philadelphia, Pennsylvania. Kornzweig Decl., ¶ 14.

(f) The sole member of Comcast Navy Acquisition, LLC is Comcast Corporation. Kornzweig Decl., ¶ 15.

(g) The members of Comcast Navy Contribution, LLC are (i) Comcast SportsNet New England Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; (ii) Comcast SportsNet Philadelphia Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; (iii) Versus Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; (iv) Comcast CHC, LLC, a limited liability company organized under the laws of the state of Delaware; (v) Comcast Contribution Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; and (vi) E! Holdings, Inc., a Delaware corporation, with its principal place of business in Philadelphia, Pennsylvania. Kornzweig Decl., ¶ 16.

(h) Comcast Corporation is the operating entity for E! Holdings, Inc., and all of its operational, executive, administrative, and policy-making functions, high level officers, and day-to-day operations are conducted at its corporate headquarters in Philadelphia, Pennsylvania Kornzweig Decl., ¶ 17.

(i) The members of Comcast SportsNet New England Holdings, LLC are (i) Comcast SportsNet NE Holdings, Inc., a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania; and (ii) CSNNE Partner, LLC, a limited liability company organized under the laws of the state of Delaware. Kornzweig Decl., ¶ 18.

(j) Comcast Corporation is the operating entity for Comcast

SportsNet NE Holdings, Inc., and all of its operational, executive, administrative and policymaking functions, high level officers, and day-to-day operations are conducted at its corporate headquarters in Philadelphia, Pennsylvania. Kornzweig Decl., ¶ 19.

(k) The members of Comcast SportsNet Philadelphia Holdings, LLC are (i) Comcast Holdings Corporation, a Pennsylvania corporation with its principal place of business in Pennsylvania; and (ii) Comcast Spectacor Holding Company, LLC, a limited liability company organized under the laws of the state of Delaware. The sole member of Comcast Spectacor Holding Company, LLC is Comcast Holdings Corporation. Kornzweig Decl., ¶ 20.

(l) Comcast Corporation is the operating entity for Comcast Holdings Corporation, and all of its operational, executive, administrative, and policymaking functions, high level officers, and day-to-day operations are conducted at its corporate headquarters in Philadelphia, Pennsylvania. Kornzweig Decl., ¶ 21.

(m) The members of Versus Holdings, LLC are (i) Comcast Holdings Corporation; and (ii) E! Holdings, Inc. Kornzweig Decl., ¶ 22.

(n) The sole member of Comcast CHC, LLC is Comcast Holdings Corporation. Kornzweig Decl., ¶ 23.

(o) The sole member of Comcast Contribution Holdings, LLC is Comcast Corporation. Kornzweig Decl., ¶ 24.

(p) The sole member of CSNNE Partner, LLC is Comcast Holdings Corporation. Kornzweig Decl., ¶ 25.

(q) Accordingly, for purposes of determining diversity, DEFENDANT, whose members are organized under the laws of Delaware or Pennsylvania, is regarded as a citizen of Delaware and Pennsylvania.

19. Defendants Does 2 through 100 are fictitious. The Complaint does not set forth the identity or status of fictitious Defendants 2 through 100. Thus, pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for purposes of determining diversity jurisdiction and cannot destroy

the diversity of citizenship between the parties in this action. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

20. DEFENDANT is informed and believes, and thereon alleges, that no other "Doe" defendants have been served with a Summons and/or the Complaint in the State Court Action. *See* Chung Decl. ¶ 14. Accordingly, this action may be removed by DEFENDANT to federal court pursuant to 28 U.S.C. Section 1441.

21. Therefore, PLAINTIFF and DEFENDANT are citizens of different States.

22. **AMOUNT IN CONTROVERSY**. In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.2d 993, 1001 (C.D. Cal. 2002). The Court must consider all recoverable damages, including liquidated damages, punitive damages, and attorneys' fees authorized by statute. *See Kroske v. US Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005).

23. DEFENDANT'S notice of removal only needs to include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). The standard for determining whether Defendant meets its burden of establishing the amount in controversy is the preponderance of the evidence. *See Cagle v. C&S Wholesale Grocers, Inc.,* 2014 WL 651923, at *5 (E.D. Cal. Feb. 19, 2014). Under this standard, "the removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Behrazfar v. Unisys Corp.*, 687 F. Supp.2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp.2d 1199, 1204-05 (E.D. Cal. 2008)). When a "[d]efendant's calculations [are] relatively conservative, made in good faith, and based on evidence wherever possible," the court may find that the "[d]efendant has

established by a preponderance of the evidence that the amount in controversy" is met. *Id.* (internal citations omitted).

24. Here, the Court can ascertain from PLAINTIFF'S Complaint, his prayer for relief, and his Statement of Damages that the amount in controversy exceeds $75,000.00. Without admitting the validity of PLAINTIFF'S two (2) causes of action (all of which are expressly denied by DEFENDANT), the amount in controversy is in excess of $75,000, exclusive of interest and costs. DEFENDANT meets its burden based on the following.

25. <u>Special Damages:</u> The Complaint alleges PLAINTIFF is seeking "wage loss, "loss of earning capacity," and "hospital and medical expenses" in an amount "according to proof." *See* Complaint, at 3, ¶¶ 11, 14. PLAINTIFF contends in his Statement of Damages that he is seeking $2,000,000 in special damages. **Ex. G** [Statement of Damages] at 1.

26. <u>General Damages</u>. The Complaint alleges PLAINTIFF is seeking "general damage" "according to proof." *See* Complaint, at 3, ¶¶ 11, 14. PLAINTIFF contends in his Statement of Damages that he is seeking $3,000,000 in general damages. **Ex. G** [Statement of Damages] at 1.

27. DEFENDANT denies that PLAINTIFF'S claims have any merit. DEFENDANT also denies that PLAINTIFF suffered any damages. However, when the relief sought (i.e., past medical expenses, future medical expenses, future loss of earning capacity, emotional distress, pain, suffering, and inconvenience, and loss of consortium is taken as a whole, the amount in controversy for PLAINTIFF'S claims exceeds the $75,000.00 jurisdiction requirement, exclusive of interest and costs.

28. Based upon the foregoing, the amount in controversy in this matter far exceeds the jurisdictional minimum of $75,000.00. Accordingly, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. Section 1332, and which may be removed to this Court by DEFENDANT pursuant to 28 U.S.C. Section 1441 based on diversity jurisdiction.

29. **VENUE**. Removal to this Court is proper because this District includes the County where the state action is pending.

30. By filing this Notice of Removal, DEFENDANT does not intend to waive, and hereby reserves, any objection as personal jurisdiction, and all other defenses.

31. This Notice of Removal is being served on PLAINTIFFS' counsel on this date. DEFENDANT will promptly file a copy of this Notice of Removal with the Clerk of Superior Court of the State of California for the County of Los Angeles.

32. This removal is brought by all served Defendants. 28 U.S.C. § 1446(b)(2)(A).

///

///

WHEREFORE, this action is hereby removed from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, Western Division.

DATED: May 12, 2022            **POOLE • SHAFFERY**

By: _____
Jaion Chung, Esq.
Attorneys for Defendant, UNIVERSAL CITY STUDIOS LLC

F:\Clients2\086\2200 - CIRILO v. NBCUniversal\PLEADINGS\Removal paperwork\Ntc.Removal - edits.docx

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)**

**PROOF OF SERVICE**
(F.R.Civ.P. Rule 5(b); U.S.D.C., C.D. Cal., L.R. 5-3; C.C.P. §§ 1013a, 2015.5)

**Angel Cirilo v. NBCUniversal Theme Park, et al.**
Los Angeles Superior Court Case No. 20STCV36095

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to the within action; my business address is 25350 Magic Mountain Parkway, Suite 250, Santa Clarita, CA 91355; my email address is mdreher@pooleshaffery.com.

On May 12, 2022, I served the foregoing document described as: **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b),** on the interested parties in said action in a sealed envelope addressed as follows:

Daniel D. Geoulla
daniel@bdinjurylawgroup.com
**B&D LAW GROUP, APLC.**
10700 Santa Monica Blvd.
Suite 200
Los Angeles, CA 90025
E: teamlit1@bdinjurylawgroup.com

T: 310-424-5252
F: 310-492-5855

☒  By Mail [Federal] I placed such envelope with postage thereon fully prepaid in the United States mail at Santa Clarita, California.

☒  (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed below

☐  I caused said document(s) to be transmitted by email to each addressee set forth below on this date. The transmission of this document was complete and without error.

☐  I caused such envelope to be delivered via overnight delivery to the party(ies) listed on the attached mailing list.

Executed on May 12, 2022, at Santa Clarita, California.

☐  [State] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒  [Federal] I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made.

_Morgan Dreher_
Morgan Dreher, Declarant